UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MICHAEL FLYNN,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN LUMAN ("JACK") SMITH, et al.,<br><br>Defendants. | Case No.:  3:25-cv-01252-JES-DEB<br><br>**ORDER:**<br><br>**(1) UNSEALING COMPLAINT; and**<br><br>**(2) DISMISSING CASE**<br><br>**[ECF Nos. 20, 21]** |

## I.    BACKGROUND

On May 15, 2025, Relator Michael J. Flynn ("Relator") filed a *qui tam* action alleging violations of the False Claims Act ("FCA") against several defendants. ECF No. 1. On October 27, 2025, the United States filed its Notice of Election to Decline Intervention in this action. ECF No. 7. On October 30, 2025, Relator filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(1)(A)(i). ECF No. 9. On November 4, 2025, pursuant to the FCA, 31 U.S.C. § 3730(b)(1), the United States notified the Court that the Attorney General consents to the dismissal of this action without prejudice to the rights of the United States. ECF No. 10. On November 5, 2025, the Court issued an order requiring Relator to respond regarding the United States' non-

1

opposition to the unsealing of the complaint. ECF No. 11. On November 18, 2025, Relator filed a response to the Court's order re: the unsealing of the complaint. ECF No. 13. On January 8, 2026, the United States filed a response to Relator's motion and an Amended Notice of Consent to Dismissal. ECF Nos. 18, 19. Relator filed several additional unsolicited motions, a reply to the United States' response to Court's Order re: the unsealing of the complaint (ECF No. 15), a corrected reply (ECF No. 17), a motion for entry of final judgment pursuant to FRCP 58(a) (ECF No. 20), and a request to grant Relator's FRCP 58(a) motion (ECF No. 21). The United States filed a statement regarding Relator's FRCP 58(a) motion (ECF No. 22) and Relator filed a reply (ECF No. 23).

## II.    DISCUSSION

In his response regarding unsealing of the complaint, Relator states that he would consent to the unsealing of the complaint subject to two conditions: (1) the scheduling and transcribing of the statute-mandated hearing; and (2) the unsealing of all motions filed by the United States and disclosure of all evidence and the investigation conducted by the United States. ECF No. 13 at 2-8.

### A. Request for Hearing

Relator argues that 31 U.S.C. § 3730(b)(1) mandates the Court conduct a hearing prior to dismissing a *qui tam* action. *Id.* There is no such mandate in the statute. *See generally* 31 U.S.C. § 3730(b)(1). As the United States correctly states, once the United States files a notice that it has declined to intervene in a relator's FCA complaint, the complaint is to be unsealed. *U. S. ex rel. Herrera v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 784 (E.D. Mich. 2008) ("[T]here is nothing in the FCA evincing a congressional intent to impose a permanent seal over all *qui tam* suits where a relator seeks to voluntarily dismiss the action after the Government declines to intervene."); *U. S. v. Creekside Hospice II, LLC*, No. 2:13-cv-00167-APG-PAL, 2015 WL 9581743, at *7 (D. Nev. Dec. 30, 2015) ("The FCA contemplates lifting the seal on the Relator's complaint once the government has decided whether or not to intervene."). Unsealing of a *qui tam* complaint after the United States declines to intervene does not require and is not

dependent on a relator's agreement or consent. *See U.S. ex rel. Love v. Teach for Am., Inc.*, No. 17-cv-2062 (KBF), 2018 WL 1156103, at \*2 (S.D.N.Y. Feb. 21, 2018) (denying relator's request to permanently keep case under seal after Government declined to intervene and observing that the "public has a right to know that this qui tam action was filed, that the Government chose not to intervene, and that Relator subsequently moved to dismiss the case."). Thus, the Court unseals the complaint without the conditions sought by Relator.

### B. Request to Unseal All Motions and Disclosure of Evidence

Relator argues that the United States has not provided its reasons for declining intervention and in his various motions argues that there is more than sufficient evidence for the United States to bring claims against the named Defendants. ECF Nos. 13, 20, 21, 23. As the United States correctly responds, there is no statutory requirement for the United States to provide its reasons for declining intervention. ECF No. 18 at 9. *See U. S. ex rel. Ubl v. IIF Data Solutions*, 650 F.3d 445, 457 (4th Cir. 2011) ("Given its limited time and resources, the government cannot intervene in every FCA action nor can the government pursue every meritorious FCA claim.").

Finally, addressing Relator's request to unseal, Congress recognized the need to protect private communications between the Government and the court when it specifically provided that the Government may move the court for extensions of the time during which the complaint remains under seal for good cause and the motions "may be supported by affidavits or other submissions in camera." 31 U.S.C. § 3730(b)(3). Additionally, the FCA notably does not provide for unsealing the Government's applications for extension, even though it specifically authorizes the unsealing of complaints. *See* 31 U.S.C. § 3730(b)(2); *see also U. S. ex rel. Stephens v. Prabhu*, No. CV-S-92-653-LDG (LRL), 1994 WL 761236, at \*1 (D. Nev. Dec. 9, 1994) ("Neither that section nor any other provision of the FCA, however, directs the court to unseal the motions for enlargement of time filed in camera."); *U. S. ex rel. Coughlin v. IBM*, 992 F. Supp. 137, 140 (N.D.N.Y. 1998) ("[S]ection 3730 only provides for the unsealing of the complaint and no other section of the False Claims

Act references the unsealing of any other documents filed with the court."). Relator does not cite any authority to support his argument to unseal the Government's requests for extensions. Thus, the Court does not order the unsealing of the Government's requests for extension of time.

### III.    CONCLUSION

Accordingly, the Court hereby **ORDERS** that this action is dismissed without prejudice as to Relator Michael J. Flynn and dismissed without prejudice as to the United States. Further, the Court **ORDERS** that the Complaint, the United States' Notice of Declination, and this Order be unsealed. All other contents of the Court's file in this action remain under seal and not be made public. The seal is also lifted as to all other matters occurring in this action after the date of this Order. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated:  May 26, 2026

Honorable James E. Simmons Jr.
United States District Judge

4